# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| 1031 EQUITY EXCHANGE, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR HOMES, LLC, et al., <br><br> Defendants. | CASE NO. C17-5213 BHS <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendants Superior Homes, LLC ("Superior") and Estela Mata's ("Defendants") motion to dismiss (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby requests a response as follows:

## I. PROCEDURAL HISTORY

On March 22, 2017, Plaintiffs 1031 Equity Exchange, LLC ("1031EE") and Kauai Ocean View Professional Building, LLC ("Kauai Ocean") (collectively "Plaintiffs") filed a complaint against Defendants asserting diversity jurisdiction and numerous causes of action based on violations of state law. Dkt. 1.

On May 1, 2017, Defendants filed a motion to dismiss arguing that the Court should (1) abstain because of a prior action in Hawaii, (2) dismiss because neither plaintiff is a real party in interest, or (3) dismiss because joinder of the real party in interest would defeat jurisdiction. Dkt. 12. On May 22, 2017, Plaintiffs responded. Dkt. 15. On May 23, 2017, Defendants replied and argued for the first time that there is not complete diversity. Dkt. 18.

## II. DISCUSSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). *See also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). Although Defendants improperly raised the issue of diversity jurisdiction for the first time in the reply, the Court must confirm it has jurisdiction before reaching the merits of the dispute. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). As the parties invoking federal jurisdiction, Plaintiffs bear the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

District courts have diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "In cases where

entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id*. Thus, if an individual defendant is an owner or member of a plaintiff LLC, "then diversity requirement of section 1332 cannot be satisfied." *Skaaning v. Sorensen*, CV 09-00364 DAE-KSC, 2009 WL 3763056, at *3 (D. Haw. Nov. 10, 2009)

In this case, there appears to be at least two problems with diversity jurisdiction. First, Defendants assert that a member of 1031EE, Frank Sarabia, is a citizen of California, which would result in 1031EE being a citizen of California. *Johnson*, 437 F.3d at 899. Plaintiffs allege that Superior is a California company and that Ms. Mata is a citizen of California. Dkt. 1, ¶¶ 2.3–2.4. If these facts are true, then diversity of citizenship between parties is destroyed and the Court lacks jurisdiction.

Second, Defendants assert that Ms. Mata is a member of Kauai Ocean. Dkt. 12 at 2. The Washington Secretary of State corporation's registration information confirms that Ms. Mata is the governing member of Kauai Ocean. https://www.sos.wa.gov/corps/search_detail.aspx?ubi=604025934 (last checked June 12, 2017). If this fact is true, then an LLC is suing one of its own members, which would destroy diversity. As a result, the Court requests the parties' positions on these facts and issues before addressing the merits of Defendants' motion.

## III. ORDER

Therefore, it is hereby **ORDERED** that any party may show cause why the case should not be **DISMISSED** for lack of jurisdiction. Responses are due no later than June

19, 2017.  Failure to respond will result in **DISMISSAL without prejudice** and without further order of the Court.

Dated this 13th day of June, 2017.

_/s/ Benjamin H. Settle_
BENJAMIN H. SETTLE
United States District Judge