UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

|  |  |
|---|---|
| 1031 EQUITY EXCHANGE, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR HOMES, LLC, et al., <br><br> Defendants. | CASE NO. C17-5213 BHS <br><br> ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION |

**VACATED PER ORDER #23**

This matter comes before the Court on Defendants Superior Homes, LLC ("Superior") and Estela Mata's ("Defendants") motion to dismiss (Dkt. 12) and the Court's order to show cause (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion, Defendants' response to the order to show cause, and the remainder of the file and hereby dismisses the complaint for lack of jurisdiction.

## I. PROCEDURAL HISTORY

On March 22, 2017, Plaintiffs 1031 Equity Exchange, LLC ("1031EE") and Kauai Ocean View Professional Building, LLC ("Kauai Ocean") (collectively "Plaintiffs") filed a complaint against Defendants asserting diversity jurisdiction and numerous causes of action based on violations of state law. Dkt. 1.

On May 1, 2017, Defendants filed a motion to dismiss arguing that the Court should (1) abstain because of a prior action in Hawaii, (2) dismiss because neither

plaintiff is a real party in interest, or (3) dismiss because joinder of the real party in interest would defeat jurisdiction. Dkt. 12. On May 22, 2017, Plaintiffs responded. Dkt. 15. On May 23, 2017, Defendants replied and argued for the first time that there is not complete diversity. Dkt. 18.

On June 13, 2017, the Court issued an order to show cause regarding an apparent lack of diversity between the parties. Dkt. 19. On June 16, 2016, Defendants responded and agreed with the Court. Dkt. 20. Plaintiffs failed to respond.

## II. DISCUSSION

"If the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). *See also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). Although Defendants improperly raised the issue of diversity jurisdiction for the first time in the reply, the Court must confirm it has jurisdiction before reaching the merits of the dispute. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). As the parties invoking federal jurisdiction, Plaintiffs bear the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

District courts have diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re*

VACATED PER ORDER #23

*Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id*. Thus, if an individual defendant is an owner or member of a plaintiff LLC, "then diversity requirement of section 1332 cannot be satisfied." *Skaaning v. Sorensen*, CV 09-00364 DAE-KSC, 2009 WL 3763056, at *3 (D. Haw. Nov. 10, 2009).

In this case, Plaintiffs have failed to show complete diversity between the parties. Defendants assert, and Plaintiffs fail to show otherwise, that a member of 1031EE, Frank Sarabia, is a citizen of California, which would result in 1031EE being a citizen of California. *Johnson*, 437 F.3d at 899. Plaintiffs allege that Superior is a California company. Dkt. 1, ¶¶ 2.3–2.4. Thus, a plaintiff and a defendant are both citizens of the state of California, and the parties lack complete diversity of citizenship.

III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' complaint is **DISMISSED without prejudice** for lack of jurisdiction.

Dated this 9th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge