UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| 1031 EQUITY EXCHANGE, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR HOMES, LLC, et al., <br><br> Defendants. | CASE NO. C17-5213 BHS <br><br> ORDER VACATING PREVIOUS ORDER AND DISMISSING COMPLAINT FOR LACK OF JURISDICTION |

This matter comes before the Court on Defendants Superior Homes, LLC ("Superior") and Estela Mata's ("Defendants") motion to dismiss (Dkt. 12) and the Court's order to show cause (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion, the parties' responses to the order to show cause, and the remainder of the file and hereby dismisses the complaint for lack of jurisdiction.

**I.   PROCEDURAL HISTORY**

On March 22, 2017, Plaintiffs 1031 Equity Exchange, LLC ("1031EE") and Kauai Ocean View Professional Building, LLC ("Kauai Ocean") (collectively "Plaintiffs") filed a complaint against Defendants asserting diversity jurisdiction and numerous causes of action based on violations of state law. Dkt. 1.

1         On May 1, 2017, Defendants filed a motion to dismiss arguing that the Court should (1) abstain because of a prior action in Hawaii, (2) dismiss because neither plaintiff is a real party in interest, or (3) dismiss because joinder of the real party in interest would defeat jurisdiction. Dkt. 12. On May 22, 2017, Plaintiffs responded. Dkt. 15. On May 23, 2017, Defendants replied and argued for the first time that there is not complete diversity. Dkt. 18.

        On June 13, 2017, the Court issued an order to show cause regarding an apparent lack of diversity between the parties. Dkt. 19. On June 16, 2016, Defendants responded and agreed with the Court. Dkt. 20. On the morning of June 19, 2019, the Court issued an order dismissing the complaint for lack of jurisdiction. Dkt. 21. Later that day, Plaintiffs responded and pointed out that the Court had set June 19, 2017 as the deadline for responding to the order to show cause. Dkt. 22.

## II.     DISCUSSION

**A.     Previous Order**

    "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

    In this case, the Court issued its previous order before Plaintiffs had a fair opportunity to respond. The Court generally sets Fridays as the deadline for show cause responses, but set the instant deadline for a Monday. Therefore, the Court *sua sponte* vacates the previous order due to this oversight.

**B.     Jurisdiction**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). *See also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). Although Defendants improperly raised the issue of diversity jurisdiction for the first time in the reply, the Court must confirm it has jurisdiction before reaching the merits of the dispute. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). As the parties invoking federal jurisdiction, Plaintiffs bear the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

District courts have diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id.* Thus, if an individual defendant is an owner or member of a plaintiff LLC, "then diversity requirement of section 1332 cannot be satisfied." *Skaaning v. Sorensen*, CV 09-00364 DAE-KSC, 2009 WL 3763056, at *3 (D. Haw. Nov. 10, 2009)

In this case, Plaintiffs have failed to show complete diversity between the parties. Defendants assert that a member of 1031EE, Frank Sarabia, is a citizen of California, which would result in 1031EE being a citizen of California. *Johnson*, 437 F.3d at 899. Plaintiffs fail to address this assertion in their response. They do, however, submit evidence showing that Mr. Sarabia signed documents as the "Managing Member" of 1031EE, Dkt. 22 at 31, and refers to 1031EE as his "company," *id*. at 98. In light of these documents and the uncontested assertion from Defendants, the Court concludes that the record reflects that 1031EE is a citizen of California because Mr. Sarabia is an owner and/or a member of 1031EE. Thus, a plaintiff and a defendant are both citizens of the state of California, and the parties lack complete diversity of citizenship.

Furthermore, Plaintiffs submit documents showing another issue with diversity between the parties. Mr. Sarabia declares that he and Ms. Mata were the initial members of Kauai Ocean. *Id*. at 4–5. However, as of September 10, 2016, the managing members are 1031EE and Superior. *Id*.; *see also id*. at 29 (list of members' names attached to Kauai Ocean's current Operating Agreement), 30 (attachment recognizing Superior's admission as a new member of Kauai Ocean). If the Court is interpreting the operating agreement correctly, then Kauai Ocean, a named plaintiff, is suing one of its members Superior, a named defendant. Such a scenario destroys diversity and the Court lacks jurisdiction.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Court's previous order (Dkt. 21) is **VACATED** and Plaintiffs' complaint is **DISMISSED without prejudice** for lack of jurisdiction.

Dated this 20th day of June, 2017.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge